## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 2479 | **DATE** | 5/29/2008 |
| **CASE TITLE** | Janet Parker vs. MTV, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's application for leave to proceed IFP [4] is denied. The application for appointment of counsel [5] is denied. The case is dismissed for lack of subject matter jurisdiction. Should plaintiff appeal this decision, the court denies leave to appeal IFP because an appeal would be frivolous. Civil Case Terminated.

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

Janet L. Parker ("plaintiff") has presented for filing a Complaint along with an *in forma pauperis* (IFP) application under 28 U.S.C. § 1915(a)(1) for leave to proceed without prepayment of fees and an *ex parte* motion for appointment of counsel under this court's Local Rule 83.36. Plaintiff names as defendants MTV, CBS, NBC, and WGN-TV. In a handwritten complaint, plaintiff appears to be claiming copyright infringement. She "feels" that her poetry is being copied without her permission. She has written a poem, "Reality," which is copyrighted. She believes that "reality TV" is copying her work. It is implicit in the allegations that plaintiff believes that the title of her poem, "Reality," cannot be used by broadcasters who broadcast reality TV programs. She does not claim that any of the defendants is actually reading or using her poem or poems in such broadcasts. She does not claim that a reality TV show is titled "Reality."

In assessing any complaint, the court must first decide whether it has jurisdiction over the subject matter of the law suit. *See Cook* v. *Winfrey*, 141 F.3d 322, 325 (7th Cir.1998) ("The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception.") (internal quotation marks and citations omitted). Furthermore, "federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit." *Ricketts* v. *Midwest Nat'l Bank*, 874 F.2d 1177, 1180 (7th Cir. 1989) (internal quotation marks and citations omitted). The court must first "assess the substantiality of the constitutional or federal statutory allegations of the complaint to determine whether they are . . . 'wholly insubstantial and frivolous.'" *Id*. at 1181–82 (quoting *Bell* v. *Hood*, 327 U.S. 678, 681–82, 66 S. Ct. 773, 775–76, 90 L. Ed. 939 (1946)). If this condition exists, then the complaint must be dismissed for want of subject matter jurisdiction. *Id*. at 1182. To be "wholly insubstantial and frivolous," however, the court must find the case "absolutely devoid of merit" or "no longer open to discussion." *Id*. (quoting *Hagans* v. *Lavine*, 415 U.S. 528, 536–39, 94 S. Ct. 1372, 1378, 39 L. Ed. 2d 577 (1974)).

**STATEMENT**

"A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson* v. *Pardus*, — U.S. —, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007) (internal citation and quotation marks omitted). However, "a district court judge should deny leave to proceed *in forma pauperis* if an action is frivolous . . . ." *Wartman* v. *Branch 7, Civil Division, County Court, Milwaukee County, State of Wis.*, 510 F.2d 130, 134 (7th Cir. 1975); *accord Bryan* v. *Johnson*, 821 F.2d 455, 458 (7th Cir. 1987). A frivolous complaint is one in which "the petitioner can make no rational argument in law or facts to support his or her claim for relief." *Williams v. Faulkner*, 837 F.2d 304, 306 (7th Cir. 1988) (internal quotation marks omitted), *aff'd sub nom. Neitzke* v. *Williams*, 490 U.S. 319, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989).

Federal courts do have jurisdiction over copyright infringement claims. 28 U.S.C. § 1338(a). This complaint, however, construed liberally, is wholly insubstantial and frivolous because the court can conceive of no set of facts that would entitle plaintiff to relief. "A plaintiff claiming copyright infringement must show both '(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'" *Wildlife Exp. Corp.* v. *Carol Wright Sales, Inc.*, 18 F.3d 502, 507 (7th Cir. 1994) (quoting *Feist Publ'ns, Inc.* v. *Rural Tel. Serv. Co.*, 499 U.S. 340, 361, 111 S. Ct. 1282, 1296, 113 L. Ed. 2d 358 (1991)) (also citing 3 Melville B. Nimmer, Nimmer on Copyright § 13.01[A], at 13-6 (1993)). Although plaintiff alleges ownership of a valid copyright in her poem "Reality," she does not even imply that any defendant has copied "constituent elements" of her work that are original. Rather she seems to be under a misimpression that the defendants who broadcast "reality TV" infringe her copyrighted poem "Reality." This simply is not copying of original elements of her work. Moreover, to the extent plaintiff believes that use of her title, "Reality," is being infringed, she is incorrect, as a title is not subject to copyright protection. *See Wihtol* v. *Wells*, 231 F.2d 550, 553 (7th Cir. 1956) ("[T]he title [to a copyrighted song], in itself, is not subject to copyright protection."); *Becker* v. *Loew's, Inc.*, 133 F.2d 889, 891 (7th Cir. 1943) (noting that "it is well settled that the copyright of a book or play does not give the copyright owner the exclusive right to the use of the title," and applying the same principle to titles of motion pictures). Although *Wihtol* and *Becker* dealt with a song and a motion picture, respectively, the same principle would apply to titles of poetry.

For these reasons, the plaintiff's petition for leave to proceed IFP must be denied and the complaint must be dismissed for lack of subject matter jurisdiction.